IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

       Plaintiff,

v.                                Criminal Action No. 5:09CR21-07
                                                    (STAMP)
ROBERT FLEMING,

       Defendant.

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT'S MOTION TO FURTHER REDUCE SENTENCE**

I.  Background

On November 10, 2009, the defendant pled guilty to aiding and abetting the distribution of cocaine base within 1,000 feet of a protected location in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 860; and 18 U.S.C. § 2. Thereafter, the defendant was sentenced to 121 months of incarceration, with six years of supervised release to follow, based on a finding that his relevant conduct was 150 grams of cocaine base. This sentence was later vacated, but an amended judgment resulted in the same term of incarceration and supervised release. However, pursuant to 18 U.S.C. § 3582(c)(2), the defendant's sentence was later reduced to 100 months imprisonment after a finding by this Court that he was entitled to a sentence reduction as a result of the Fair Sentencing

Act of 2010 ("FSA"), Pub. L. No. 111-220, 124 Stat. at 2372 (2010).[1]

On July 9, 2012, the defendant filed a pro se[2] letter, docketed as a motion to further reduce sentence. In the motion, the defendant asserts that his FSA reduction resulted in a 100 month sentence when it should have resulted in an 84 month sentence. In his motion, the defendant simply requests that this Court "fix this error" and lower his sentence to 84 months.

This Court then directed the United States to respond. In its response, the United States explains that this defendant was originally sentenced on February 8, 2010 based upon the probation officer's finding that the defendant's total drug relevant conduct was 150 grams of cocaine base. The sentence also relied upon a finding that the defendant's conduct took place within 1,000 feet of a protected location. The resultant total offense level was 29, and the defendant's criminal history category was a IV. The defendant was sentenced to 121 months incarceration, the lowest end of the guideline range.

The United States then explained that, based upon the defendant's relevant conduct, 150 grams of cocaine base, the FSA

---

[1] The FSA reduced the disparity between sentences imposed as a result of criminal conduct related to powder cocaine and those related to cocaine base, or crack cocaine.

[2] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

2

reduced his base offense level to 28, with a one level enhancement for a protected location, less two levels for acceptance of responsibility, making his total offense level 27, with his criminal history category remaining at IV. This results in an advisory guideline range of 100-121 months. Pursuant to this new range, the government argues, this Court properly lowered the defendant's sentence to 100 months.

Finally, the United States assumes that the defendant's erroneous belief that his sentence should be further reduced stems from his plea agreement which stipulated that the defendant's drug relevant conduct was 50-150 grams, thus leading the defendant to believe that he had been sentenced based upon as little as 50 grams of cocaine base. The defendant did not file a reply.

For the reasons that follow, this Court finds that the defendant's motion to further reduce his sentence should be denied.

## II. Discussion

Pursuant to 18 U.S.C. § 3582(c) an imposed term of imprisonment may only be modified by the court (1) upon a motion by the Director of the Bureau of Prisons; (2) if expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; or (3) if the defendant has been "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of

3

Prisons, or on its own motion . . . ." Further, Rule 35 of the Federal Rules of Criminal Procedure allows a court to reduce or correct a sentence if there is an "arithmetical, technical, or other clear error" or upon the filing of a motion by the government.

None of the above apply to the defendant's sentence. A motion has not been filed by either the Director of the Bureau of Prisons or the government; a sentence reduction is not clearly permitted by statute–the defendant has already had his sentence reduced pursuant to 18 U.S.C. § 3582(c)(2); and an applicable sentencing range has not been subsequently lowered. As for an error in the sentence, this Court finds that an error did not occur in computing the defendant's sentence as he argues in his motion. The Court can only adopt the government's assumption that the defendant believes he was entitled to a sentence of imprisonment in line with relevant conduct of 50 grams. No other support or evidence has been provided by the defendant for the Court to believe otherwise. As this belief is erroneous, and the defendant's relevant conduct was 150 grams of cocaine base, the defendant's sentence may not be further reduced by this Court.

### III. Conclusion

Based on the analysis above, this Court finds that the defendant's motion to further reduce his sentence is DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se defendant by certified mail and to counsel of record herein.

DATED:    June 23, 2014

                                /s/ Frederick P. Stamp, Jr.
                                FREDERICK P. STAMP, JR.
                                UNITED STATES DISTRICT JUDGE