IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ROBERT FLEMING,

    Petitioner,

v.                                          Civil Action No. 5:13CV48
                                          Criminal Action No. 5:09CR21
UNITED STATES OF AMERICA,            (JUDGE STAMP)

    Respondent.

## REPORT AND RECOMMENDATION
## THAT §2255 MOTION BE DENIED

### I. INTRODUCTION

On April 5, 2013, Robert Fleming ("Petitioner"), proceeding pro se, filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. Motion to Vacate ("Motion"), Criminal Action No. 5:09-CR-21, ECF No. 511; Civil Action No. 5:13-CV-48, ECF No. 1.[1] The Court issued a Notice of Deficient Pleading to Petitioner on April 8, 2013. ECF No. 514. On May 2, 2013, Petitioner filed another Motion under 28 U.S.C. § 2255. ECF No. 516. On May 3, 2013, the Court filed an Order Directing Petitioner to Comply with Local Rules [ECF No. 518] and Petitioner's subsequent Motion under 28 U.S.C. §2255 was terminated. ECF No. 520. Petitioner filed his Court Approved Form ("Court Approved Motion") on July 8, 2013. ECF No. 535. The Government filed its response to Petitioner's Court Approved Motion on August 9, 2013. ECF No. 543. Petitioner did not file a reply.

### II. FACTS

---

[1] From this point on, all ECF numbers refer to entries in Criminal Action No. 5:09-CR-21

1

A. **Conviction and Sentence**

On November 10, 2009, Petitioner signed a plea agreement by which he agreed to plead guilty to one count of aiding and abetting the distribution of cocaine base within 1,000 feet of a protected location, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 860 and 18 U.S.C. §2. Plea Agreement at 1, ECF No. 232. Additionally, Petitioner waived his right to appeal and to collaterally attack his sentence. Specifically, Petitioner's plea agreement contained the following language regarding his waiver:

> 12. Mr. Fleming is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging all this, the defendant knowingly waives the right to appeal any sentence within the maximum provided in the statute of conviction (or the manner in which the sentence was determined) including any enhancements under Section 4B1.1 of the Guidelines, on the grounds set forth in Title 18, United States Code, Section 3742 or on any ground whatever, in exchange for the concessions made by the United States in this plea agreement. The defendant also waives his right to challenge his sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255. If the Court departs upward or downward from the advisory guideline range, the party opposing the departure has the right to appeal the departure. However, neither party has the right to appeal the Court's denial of either an upward or downward departure. Otherwise than stated herein, in exchange for defendant's waiver, the United States waives its right to appeal. The parties have the right during any appeal to argue in support of the sentence.

Id. at 4.

On November 10, 2009 Petitioner entered his plea in open court. ECF No. 235, 372. Petitioner was twenty-three (23) years old and obtained his GED. ECF No. 372 at 4:7-13. Petitioner stated he understood and agreed with all the terms and conditions of the plea

agreement. Id. at 11:17. The Court specifically asked if Petitioner understood the waiver of appellate and post-conviction relief rights. Id. at 13:3-13. The Court asked Petitioner's counsel if he believed Petitioner understood the waiver of appellate and post-conviction relief rights. Id. at 13:14-18. The Court further reviewed all the rights Petitioner was giving up by pleading guilty. Id. at 11:23-20:24. During the plea hearing, the Government presented the testimony of Officer David Gittings of the City of Wheeling Police Department and Ohio Valley Drug Task Force to establish a factual basis for the plea. Id. at 21:9-24:3. Petitioner did not contest the factual basis of the plea.

After the Government presented the factual basis of the plea, Petitioner advised the Court that he was guilty of Count Twenty-seven (27) of the indictment. Id. at 24:23. Petitioner further stated under oath that no one had attempted to force him to plead guilty, and that he was pleading guilty of his own free will. Id. at 24:24-25:2. In addition, he testified that the plea was not the result of any promises other than those contained in the plea agreement. Id. at 25:7. Petitioner testified that his attorney had adequately represented him, and that his attorney had left nothing undone. Id. at 25:22-26:1). Finally, Petitioner said he was in fact guilty of the crime to which he was pleading guilty. Id. at 26:7.

At the conclusion of the hearing, the Court determined that the plea was made freely and voluntarily, that Petitioner understood the consequences of pleading guilty, and that the elements of the crime were established beyond a reasonable doubt. Id. at 26:8-14. Petitioner did not object to the Court's finding.

On February 8, 2010, Petitioner appeared before the Court for sentencing. After considering several factors, including the circumstances of both the crime and the defendant and

3

the sentencing objectives of punishment, the Court sentenced the petitioner to a term of 121 months imprisonment.

On February 11, 2011, Petitioner filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by Person in Federal Custody. ECF No. 355. Petitioner raised five grounds for relief. Id. On July 14, 2011, the Court held an evidentiary hearing on the sole issue as to whether Petitioner instructed his counsel to file a timely appeal and whether counsel failed to do so. ECF Nos. 386, 393. On August 18, 2011, the Court granted Petitioner's Motion under 28 U.S.C. § 2255, in part, so that Petitioner could be re-sentenced, so that he could properly file an appeal. ECF No. 398. On August 31, 2011, the Court resentenced Petitioner to 121 months incarceration. ECF No. 400. On November 7, 2011, the Court reduced the sentence for Petitioner to 100 months incarceration, effective November 1, 2011, per 18 U.S.C. 3582(c). ECF No. 419.

### B. Appeal

Petitioner filed his "Notice of Appeal" to the Fourth Circuit on September 6, 2011. ECF No. 402. On September 9, 2011, the Court of Appeals appointed the Federal Public Defender at Clarksburg to represent Petitioner. ECF No. 405. Petitioner's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), certifying that there were no meritorious issues for appeal, but questioned whether the district court adequately complied with the Rule 11 plea hearing. ECF No. 460 at 2. Petitioner filed a pro se supplemental brief, contending that his plea was not knowing and voluntary, he did not receive effective counsel, and the Government breached the plea agreement. Id.

The Fourth Circuit affirmed Petitioner's conviction and sentence and found that the district court substantially complied with Rule 11 when it accepted Petitioner's plea. Id. at 3. In

4

finding compliance by the district court, the panel also noted that Petitioner's assertions that he did not understand the terms of the agreement or the magnitude of his potential sentence were "directly contradicted by his sworn statements before the district court during his Rule 11 hearing." Id. Further, the panel declined to consider Petitioner's Ineffective Assistance of Counsel claims. Id. at 4. Finally, in accordance with Anders, the Fourth Circuit reviewed the record and Petitioner's remaining claims and found no meritorious issues for appeal. Id. Thus, Petitioner's conviction and sentence were affirmed.

C. **Federal Habeas Corpus**

In his Court Approved Motion, Petitioner raises three claims. ECF No. 535. Petitioner claims that (1) his plea was not knowing and voluntary, (2) his counsel's assistance was ineffective during the sentencing process, and (3) that the Government breached the plea agreement. Id. at 5-9. The undersigned notes that Petitioner attempts to couch all his claims as ineffective assistance of counsel. Id.

The Government contends petitioner's motion should be dismissed because petitioner waived his right to bring a motion pursuant to 28 U.S.C. § 2255. ECF No. 543 at 14-16. Further, the Government contends that Petitioner's plea was knowing and voluntary, based on the district court's compliance with Rule 11 in the plea hearing, which the Fourth Circuit Court of Appeals affirmed. Id. at 12-13. The Government also maintains that Petitioner fully understood the sentencing process, as evidenced by the sentencing hearing transcript. Id. at 16-18. Finally, the Government contends that Petitioner's first and third claims are barred by the "Mandate Rule." Id. at 13-14.

D. **Recommendation**

Based upon a review of the record, the undersigned recommends that the petitioner's §2255 motion be denied and dismissed from the docket because his ineffective assistance of counsel claim is without merit. Further, Ground One and Ground Three are foreclosed by the "Mandate Rule," because the Fourth Circuit determined these issues on direct appeal.

### III. ANALYSIS

Petitioner's plea agreement contained a waiver of his rights to appeal the sentence imposed, as well as a waiver of his rights to collaterally attack his sentence. ECF No. 232 at 4:12. However, Petitioner's ineffective assistance of counsel claims may not be barred, so the scope of his waiver will be reviewed. Further, the Government contends that Petitioner's claims, specifically Grounds One and Three, are barred by the "Mandate Rule," The undersigned will examine this issue, as well as Petitioner's claim of ineffective assistance of counsel as set forth in Ground Two.

**A. <u>Scope of Petitioner's Waiver</u>**

"[T]he guilty plea and the often concomitant plea bargain are important components of this country's criminal justice system. Properly administered, they can benefit all concerned." <u>Blackledge v. Allison</u>, 431 U.S. 63, 71 (1977). However, the advantages of plea bargains "can be secure . . . only if dispositions by guilty plea are accorded a great measure of finality." <u>Id</u>. "To this end, the Government often secures waivers of appellate rights from criminal defendants as part of their plea agreement." <u>United States v. Lemaster</u>, 403 F.3d 216, 220 (4th Cir. 2005).

In <u>United States v. Attar</u>, 38 F.3d 727, 731 (4th Cir. 1994), the Fourth Circuit found that "a waiver-of-appeal-rights provision in a valid plea agreement is enforceable against the defendant so long as it is the result of a knowing and intelligent decision to forgo the right to

appeal." The Fourth Circuit then found that whether a waiver is knowing and intelligent "depends upon the particular facts and circumstances surrounding [its making], including the background, experience, and conduct of the accused." Id. After upholding the general validity of a waiver-of-appeal-rights provision, the Fourth Circuit noted that even with a waiver-of-appeals-rights provision, a defendant may obtain appellate review of certain limited grounds. Id. at 732. For example, the Court noted that a defendant "could not be said to have waived her right to appellate review of a sentence imposed in excess of the maximum penalty provided by statute or based on a constitutionally impermissible factor such as race." Id. Nor did the Court believe that a defendant "can fairly be said to have waived his right to appeal his sentence on the ground that the proceedings following the entry of the guilty plea were conducted in violation of the Sixth Amendment right to counsel." Id.

Subsequently, in Lemaster, the Fourth Circuit saw no reason to distinguish between waivers of direct appeal rights and waivers of collateral attack rights. Lemaster, 403 F.3d at 220. Therefore, like the waiver-of-appeal-rights provision, the Court found that the waiver of the right to collaterally attack a sentence is valid as long as it is knowing and voluntary. Id. Although the Court expressly declined to address whether the same exceptions apply since Lemaster failed to make such an argument, the court stressed that it "saw no reason to distinguish between waivers of direct-appeal rights and waivers of collateral-attack rights." Id. at n. 2.

Based on these cases, the ineffective assistance of counsel claims are barred by a valid waiver to the extent that the facts giving rise to the claims occurred prior to the defendant entering his guilty plea. Only claims arising after the entry of the guilty plea may fall outside the scope of the waiver. Attar, 38 F.3d at 732 (holding it cannot be fairly said that a defendant

"waived his right to appeal his sentence on the ground that the proceedings following entry of the guilty plea were conducted in violation of the Sixth Amendment right to counsel, for a defendant's agreement to waive appellate review of his sentence is implicitly conditioned on the assumption that the proceedings following entry of the plea will be conducted in accordance with constitutional limitations.").

Therefore, when reviewing an ineffective assistance of counsel claim in a case where there is a waiver of collateral-attack rights in a plea agreement, we must first determine whether there is valid waiver. In doing so,

> The validity of an appeal waiver depends on whether the defendant knowingly and intelligently agreed to waive the right to appeal. Although this determination is often made based on adequacy of the plea colloquy -- specifically, whether the district court questioned the defendant about the appeal waiver – the issue ultimately is evaluated by reference to the totality of the circumstances. Thus, the determination must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused.

United States v. Blick, 408 F.3d 162, 169 (4th Cir. 2005) (internal citations and quotations omitted).

In other words, the Court must examine the actual waiver provision, the plea agreement as a whole, the plea colloquy, and the defendant's ability to understand the proceedings. Id. If the Court finds that the waiver is valid, any ineffective assistance of counsel claims arising prior to the plea agreement are barred by the waiver.

As to any ineffective assistance of counsel claims made regarding an attorney's action, or lack thereof, after the plea agreement, the Fourth Circuit has stated the right to challenge a sentence on the ground that "the proceedings following entry of the guilty plea – including both

the sentencing hearing itself and the presentation of the motion to withdraw their pleas – were conducted in violation of their Sixth Amendment right to counsel" are not waived by a general waiver of appeal rights contained in the plea agreement. Attar, 38 F.3d at 732-33. Therefore, that ineffective assistance of counsel claims arising after the guilty plea and/or during sentencing are not barred by a general waiver-of appeal rights.

Several courts have distinguished ineffective assistance of counsel claims raised in a § 2255 case from those raised on direct appeal. In Braxton v. United States, 358 F. Supp. 2d 497 (W.D.Va. 2005), the Court noted that although the Fourth Circuit has yet to define the scope of waiver of collateral rights, several courts have held that § 2255 waivers should be subject to the same conditions and exceptions applicable to waivers of the right to file a direct appeal. Braxton at 502 (citing United States v. Cannady, 283 F.3d 641,645 n. 3 (4th Cir. 2000) (collecting cases); Butler v. United States, 173 F. Supp. 2d 489, 493 (E.D.Va. 2001)). Nonetheless, the Court distinguished the types of ineffective assistance of counsel claims available on direct appeal from those available in a § 2255 motion. Specifically, the Court noted:

> Appellate courts rarely hear ineffective assistance of counsel claims on direct review. Indeed, '[i]t is well settled that a claim of ineffective assistance should be raised in a 28 U.S.C. § 2255 motion in the district court rather than on direct appeal, unless the record conclusively shows ineffective assistance.' United States v. King, 119 F.3d 290, 295 (4th Cir. 1997). Therefore, the waiver exception recognized in Attar applies only to a very narrow category of cases. In contrast, a rule that defendants are unable to waive their right to bring an ineffective assistance claim in a § 2255 would create a large exception to the scope of § 2255 waivers. In fact, such an exception would render all such waivers virtually meaningless because most habeas challenges can be pressed into the mold of a Sixth Amendment claim on collateral review. The Fifth Circuit has recognized this dynamic by noting that '[i]f all ineffective assistance of counsel claims were immune from waiver, any complaint about process could be brought in a

9

> collateral attack by merely challenging the attorney's failure to achieve the desired result. A knowing and intelligent waiver should not be so easily evaded.' <u>United States v. White</u>, 307 F.3d 336, 344 (5th Cir. 2002).

<u>Braxton</u>, 358 F. Supp. 2d at 503. The Court in <u>Braxton</u> further noted that the Tenth Circuit has also distinguished collateral-attack waivers from the situation in <u>Attar</u> and that the Fourth Circuit's holding in <u>United States v. Broughton-Jones</u>, 71 F.3d 1143,1147 (4th Cir. 1995), also supports such a distinction. <u>Braxton</u>, 358 F. Supp. 2d at 503, n. 2. Finally, the <u>Braxton</u> Court found it persuasive that the majority of circuits to have confronted this question "have held that collateral attacks claiming ineffective assistance of counsel that do not call into question the validity of the plea or the § 2255 waiver itself, or do not relate directly to the plea agreement or the waiver, are waivable." <u>Id.</u> at 503. (collecting cases).

The unpublished decision <u>United States v. Morris</u>, No. 07-4223, slip op. (4th Cir. Sept. 13, 2007) indicates that when the district court conducts a thorough Rule 11 colloquy and the defendant specifically mentions he waives the right to appeal any sentence below the statutory maximum, the record established that defendant made a knowing and voluntary waiver of rights.

This case is similar in that the district court conducted a Rule 11 colloquy, and the petitioner stated he waived his right to appeal the sentence for any of the reasons under the sentencing statute and post-conviction relief. ECF No. 372 at 13:3-13. Petitioner waived his right to collaterally attack the sentence if his sentence was within the maximum provided by statute or the manner in which the sentence was determined. ECF No. 232 at 4:12. His sentence was 121 months imprisonment, at the low end of the sentencing guidelines and within the statutory maximum. The only reasonable conclusion is petitioner waived the right to collaterally attack his sentence. Pursuant to <u>Braxton</u>, 358 F. Supp. 2d at 503, Petitioner nonetheless retains the

right to collaterally attack his sentence by alleging ineffective assistance of counsel, so long as the claims relate to counsel's conduct after the guilty plea.

B. **Procedurally Barred Claims**

Of the three claims brought under Petitioner's § 2255, Petitioner raised two of them on direct appeal to the Fourth Circuit: the guilty plea was not knowing and voluntary, and the Government breached the plea agreement. The undersigned notes that Petitioner attempts to couch both of these claims as ineffective assistance of counsel. ECF No. 535 at 5, 8. To the extent that Petitioner requests this court to review either issue on its merits, the court is barred from doing so because they were raised and rejected on direct appeal. Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976); see also United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993) (holding that the mandate rule "forecloses relitigation of issues expressly or impliedly decided by the appellate court.").

    a. **Petitioner's claim that his plea was not knowing and voluntary should be dismissed because the Fourth Circuit decided the issue on direct appeal.**

As his first claim, Petitioner contends that his guilty plea was not knowing and voluntary because Counsel failed to represent him adequately during the plea process. ECF No. 535 at 5. In Petitioner's claim, he asserts that his "version of the facts" have "essentially been accepted by the court." ECF No. 535-1 at 6. Finally, Petitioner alleges that the Fourth Circuit found Counsel "less than credible." Id. at 7.

Petitioner's claim is without merit, and the undersigned recommends denying and dismissing the claim. First, Petitioner's sworn statements in the plea hearing reflect that the plea was knowing and voluntary. ECF No. 372 at 11:15-20:24. The court found, after inquiring both

Petitioner and Counsel, that the plea was knowing and voluntary. Id. at 26:10-11. The Fourth Circuit also found that the plea was knowing and voluntary on direct appeal. ECF No. 460 at 3.

Further, the Fourth Circuit found *Petitioner* to be incredible, not his counsel. Id. at 3. There, the Fourth Circuit stated:

> "[Petitioner's] pro se assertions regarding his inability to understand the terms of his plea agreement or the magnitude of the potential sentence he faced are *directly contradicted* by his sworn statements before the district court during his Rule 11 hearing. These averments carry a strong presumption of validity, and [Petitioner] has failed to offer a credible basis on which to doubt their veracity."

Id. at 3 (emphasis added). Since the record clearly contradicts Petitioner's allegations, the undersigned recommends denying and dismissing Petitioner's claim that the plea was not knowing and voluntary.

### b. Petitioner's claim that the government breached the plea agreement should be dismissed because the Fourth Circuit decided the issue on direct appeal.

As his third claim, Petitioner alleges ineffective assistance of counsel because Counsel took no action in ensuring the Government "abided by the terms of the plea agreement." ECF No. 535 at 8. Further, Petitioner states that Counsel failed to file an appeal and "cut[] off the lines of communication between the Petitioner and the government by his inaction." ECF No. 535-1 at 8.

Petitioner's claim that the government breached the plea agreement has no merit and should be denied and dismissed. First, Petitioner contends that Counsel failed to file an appeal. However, in the current claim, Counsel did file an appeal. ECF No. 402. Petitioner's first defense counsel failed to file an appeal, which was raised in the original Motion under § 2255. As a result, Petitioner was re-sentenced by the court so that he could properly file an appeal to the Fourth Circuit, which he did. Thus, this contention by Petitioner has no merit.

Further, on appeal, the Fourth Circuit reviewed the record and Fleming's pro se claim that the government breached the plea agreement and "found no meritorious issues for appeal." ECF No. 460 at 4. Thus, the Fourth Circuit affirmed Petitioner's conviction and sentence. Id.

Petitioner's claim that the government breached the plea agreement has no merit. Thus, the undersigned recommends denying and dismissing Ground Three of Petitioner's Motion.

### C. Ineffective Assistance of Counsel

#### a. Standard Governing Ineffective Assistance of Counsel Claims

Counsel's conduct is measured under the two part analysis in Strickland v. Washington, 466 U.S. 668 (1984):

First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

In order to demonstrate prejudice, the defendant must show that but for counsel's errors, the result of the proceeding would have been different. Id. An error by counsel which falls short of the constitutional ineffectiveness standard does not constitute cause, notwithstanding that the error may arise from inadvertence, ignorance, or strategic choice. Murray v. Carrier, 477 U.S. 478 (1986); Griffin v. Aiken, 775 F.2d 1226 (4th Cir. 1985) *cert. denied*, 478 U.S. 1007 (1986).

Further, in evaluating a post guilty plea claim of ineffective assistance of counsel, statements made under oath affirming satisfaction with counsel are binding, absent clear and convincing evidence to the contrary. See Blackledge v. Allison, 431 U.S. 63, 75-76 (1977). A

defendant who alleges ineffective assistance of counsel following a guilty plea has an even higher burden: "he must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985); Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir. 1998), *cert. denied*, 488 U.S. 843 (1988).

> **b. Petitioner's claim of ineffective assistance of counsel, Ground Two, should be dismissed because Counsel acted reasonably in obtaining a plea agreement which effectively reduced Petitioner's potential sentence.**

Petitioner argues his counsel was ineffective because Counsel failed to prepare, did not explain the proceedings adequately, and did not argue factors favorable to Petitioner at sentencing. ECF No. 535-1 at 7. Petitioner also contends that Counsel failed to "properly request or provide documentation" that may have persuaded the court to "sentence Petitioner more in line" with his co-defendants. Further, Petitioner contends that Counsel led him to believe he would "receive a sentence of two to three years." Id. at 3. Petitioner's claims relate to counsel's conduct after the guilty plea, and are therefore not barred by his waiver. As previously noted, in order to prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate that his counsel's performance was deficient and that the deficient performance prejudiced the defense.

Here, the petitioner has failed to demonstrate that counsel's representation fell below an objective standard of reasonableness. Strickland, 466 U.S. at 687-91. The Court made specific inquiries regarding his sentence and the factors that influence the sentencing decision. ECF No. 372 at 15:2-17:13. Petitioner stated, under oath, that he understood all of the inquiries regarding his sentence. Id. Moreover, the Court questioned Petitioner if his guilty plea had been the result

of any promise or inducement and whether anyone predicted what his exact sentence would be. Id. at 25:3-13. Petitioner stated, again under oath, that no one had promised or induced him and that no one had predicted his exact sentence. Id.

Further, pursuant to the United States Sentencing Guidelines, Chapter 5, Part A, Petitioner's guideline sentencing for imprisonment was 121 to 151 months. Petitioner's prior criminal history points put him in the level IV criminal history category. ECF No. 304 at 17:63. His base offense level would have actually suggested a higher imprisonment range, but his base level was additionally reduced because of his plea agreement, in which he accepted responsibility for his crime. Id. at 11:49. Counsel surely acted appropriately taking into consideration Petitioner's criminal history by obtaining a plea agreement and recommending sentencing at the low range of the guideline, which is exactly the sentence Petitioner is serving.

## IV. Recommendation

Based upon a review of the record, the undersigned recommends Petitioner's §2255 motion [Criminal Action No. 5:09-cr-21, ECF No. 511; Civil Action No. 5:11-cv-22, ECF No.1] be denied and dismissed from the docket because although Petitioner's waiver of collateral rights did not bar his ineffective assistance of counsel claim, Petitioner's claim is without merit. Further, Grounds One and Three in Petitioner's claim, challenging the knowing and voluntary nature of the plea and that the government breached the plea agreement, are barred from being reviewed by this Court because the Fourth Circuit reviewed and decided the issues on direct appeal.

Within fourteen (14) days after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those

portions of the recommendation to which objections are made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Judge Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985): United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to provide a copy of this Report and Recommendation to the Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet and counsel of record, as applicable.

DATED: August 17, 2015

*s/ Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE